**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**JAMES MCCULLOUGH,**

        **Plaintiff,**

-vs-　　　　　　　　　　　　　　　　　　　　　　**Case No. 2:07-cv-557-FtM-DNF**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

_____

## OPINION AND ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT WITH REMAND (Doc. No. 29)** |
| **FILED:** | **March 17, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Commissioner of Social Security ("Commissioner") is requesting that this action be remanded to the Commissioner to allow the administrative law judge ("ALJ") to order a consultative mental examination with psychological testing of the Plaintiff, James McCullough, and to have the ALJ obtain evidence of whether the Plaintiff is suffering from a severe mental impairment or a severe substance abuse impairment, and if so, to identify any significant limitations associated with this impairment. In addition, the Commissioner is requesting that the ALJ consolidate the current application with the application for benefits filed on February 23, 2007. (See, Doc. 29, p.1). The

Plaintiff filed a response indicating that he does not oppose the remand to update the record for a consultative mental examination but does object to a remand for an evaluation regarding substance abuse. (See, Doc. 30).  Further, the Plaintiff requests that this action be reassigned to a different ALJ. The Commissioner filed a Reply (Doc. 32) to the Plaintiff's Response (Doc. 30).  The Court carefully reviewed the parties' submissions.  The parties consented to proceed before a United States Magistrate Judge for all proceedings. (See, Doc. 17).

The Plaintiff asserts that the ALJ included false accusations regarding the Plaintiff's alleged substance abuse problems.  The ALJ noted that one physician advised the Plaintiff to stop smoking marijuana and cocaine. (Tr[1]. p. 20 referring to p. 285).  However, the Plaintiff gave testimony at the hearing that he had a substance abuse problem in the past but had not used illegal drugs in the past eight years and had not used alcohol in the past year. (Tr. p. 385).  His wife confirmed that the Plaintiff no longer uses alcohol or takes illegal drugs. (Tr. p. 113).  The Plaintiff reported to various doctors that he no longer uses alcohol or takes illegal drugs. (See, Tr. p. 222, 242, 325, and 271).

The Commissioner responds that the ALJ's opinion regarding substance abuse and abuse of prescription drugs is supported by the record.  The Plaintiff agrees that he had substance and alcohol abuse problems in the past.  One physician stated that "[t]he patient has polysubstance dependence - marijuana, alcohol." (Tr. p. 242).  A physician referred him to Alcoholics Anonymous with 90 meetings in 90 days. (Tr. p. 245, 247).  In one medical record, there was a discussion as to why the Plaintiff needed additional pain medication which the doctor would not give him because he was taking the Oxycodone incorrectly. (Tr. p. 322-323).  The Plaintiff became upset and used foul language. (Tr.

---

[1] "Tr." refers to the Transcript of the administrative record (Doc. 14).

p. 323). Another doctor's note indicated that the Plaintiff must see a pain management specialist. (Tr. p. 326).

The Court finds that there are sufficient references in the record to support the ALJ's comments concerning substance abuse as well as possible abuse of prescription medications to warrant an evaluation to determine if there are any significant limitations associated with these impairments. Therefore, the Court will require on remand for the ALJ to have such an examination conducted.

The Plaintiff is also requesting that this case be reassigned to a different ALJ. An ALJ "shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. §404.940. The ALJ's role is crucial in a disability determination and "he must carefully weigh the evidence." *Cooper v. Barnhart*, 345 F.Supp.2d 1309,1310 (S.D. Ala. 2004). A court will consider the demeanor of the ALJ and whether it was offensive or biased at the hearing. *Id*. at 1311.

In the instant case, the Court found support in the record for the ALJ's opinion that the Plaintiff may have substance abuse or prescription drug abuse problems. Most of the citations by the Plaintiff to the record were the Plaintiff's self-reporting to the physicians that he no longer had a substance abuse problem and did not have a prescription drug abuse problem. However, one doctor did refer the Plaintiff to Alcoholics Anonymous, another stated that the Plaintiff had polysubstance dependence for marijuana and alcohol, and another indicated that the Plaintiff was attempting to obtain more Oxycodone than needed. The Court finds that the Plaintiff has not shown that the ALJ was biased against the Plaintiff in his Decision. Therefore, the Court will not reassign this case to a different ALJ.

**IT IS FURTHER ORDERED:**

1) This action is reversed and remanded under sentence four of 42 U.S.C. §405(g) and §1383(c)(3).

2) This action is remanded to the Commissioner of Social Security for the following reasons:

The administrative law judge (ALJ) will update the record and order a consultative mental examination with psychological testing. The ALJ should also obtain evidence from a medical expert to give an opinion on whether the Plaintiff has a severe mental impairment and/or severe substance abuse impairment and, if so, identify any significant limitations associated with such impairment(s). The ALJ will consolidate Plaintiff's application for benefits filed on February 23, 2007, with the current claim.

3) The Clerk is directed to enter judgment consistent with this Opinion and Order, and thereafter close the file.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this  9th   day of April, 2008.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record